ANDREW J. THOMAS, ESQ.
Nevada Bar No. 000017
at@steveburrislaw.com
**BURRIS & THOMAS, LLC**
2810 W. Charleston Boulevard, Suite F-58
Las Vegas, Nevada 89102
(702) 258-6238 - Telephone
(702) 258-8280 - Facsimile

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| JAMES CHIPMAN, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>LYFT, INC., a foreign corporation; and DOES I through X, inclusive, and, ROE ENTITIES 1 THROUGH X inclusive,<br><br>Defendants. | Case No. 2:23-cv-00761-JCM-BNW<br><br>**SPECIAL SCHEDULING REVIEW REQUESTED** |

## STIPULATED DISCOVERY PLAN AND SCHEDULING ORDER

**Statement of Reasons Why Longer Time Periods Should Apply to this Case:**

Without waiver or admission of the parties, this case involves a motor vehicle accident which occurred on or about July 23, 2021 in Las Vegas, Clark County, Nevada. Plaintiff James Chipman alleges that he was working as a Lyft driver at the time of the accident.

Plaintiff filed his Complaint on April 14, 2023 in the District Court, Clark County, Nevada under Case No. A-23-868989-C. The Complaint was served on Defendant Lyft, Inc. on April 21,

1

2023. Defendant filed a Petition for Removal based on diversity jurisdiction (#1) and Answer to Complaint (#3) on May 15, 2023.

Plaintiff alleges he was injured as a result of the subject accident. Plaintiff further alleges that Defendant Lyft, Inc. made representations that Defendant would provide Uninsured and Under-insured motorist insurance coverage to Plaintiff, and that Defendant failed to provide such insurance.

Defendant denies the allegations of Plaintiff's Complaint.

The parties believe that discovery, including depositions will be necessary regarding the following subjects:

a. Plaintiff's alleged status as a driver for Lyft,

b. Alleged representations by Defendant regarding insurance coverage provided to Lyft drivers,

c. Insurance coverage provided by Defendant to Lyft drivers, and alleged waiver of uninsured motorist coverage,

d. Plaintiff's alleged neck and back injuries, and medical treatment,

e. Alleged future medical treatment, and

f. All issues raised by the pleadings.

The completion of necessary discovery regarding the issues listed above will require more time than the default discovery schedule. The default schedule, under LR 26-1(b), would place discovery deadlines unrealistically soon (i.e., 180 days from the date the Defendant first appeared would be measured from May 15, 2023, the date that Defendant filed their Petition for Removal (#1)

2

and Answer to Complaint (#3), which would be November 13, 2023). For these reasons, the parties propose and request an additional 213 days of discovery relative to that otherwise established by LR 26-1(b).

1. Meeting.

Pursuant to Rules 26(a) and 26(f) of the Federal Rules of Civil Procedure and LR 26-1(a), a meeting was held on July 10, 2023, and was conducted by Andrew J. Thomas, Esq. for Plaintiff James Chipman, and Robert R. Warns, Esq. for Defendant Lyft, Inc.

2. Parties' Views and Proposals.

A. When disclosures under 26(a) were made or will be made:

1. Plaintiff's disclosures: Plaintiff will produce his Fed. R. Civ. P. Rule 26 Disclosures within fourteen (14) days of the date of the Fed. R. Civ. P. Rule 26 Conference. Further, Plaintiff will supplement his Fed. R. Civ. P. Rule 26 Disclosures thereafter as discovery continues and additional information is obtained to warrant supplementing same.

2. Defendant's disclosures: Defendant will produce its Fed. R. Civ. P. Rule 26 Disclosures within twenty-one (21) days of the date of the Fed. R. Civ. P. Rule 26 Conference. Further, Defendant will supplement its Fed. R. Civ. P. Rule 26 Disclosures thereafter as discovery continues and additional information is obtained to warrant supplementing same.

///

///

///

3

B. Subjects on which discovery may be needed:

1. Plaintiff's view: Liability and damages and all claims made in Plaintiff's Complaint, and any amendments thereto, and all affirmative defenses asserted by Defendant, including the following subjects of discovery:

    a. Plaintiff's alleged status as a driver for Lyft,

    b. Alleged representations by Defendant regarding insurance coverage provided to Lyft drivers,

    c. Insurance coverage provided by Defendant to Lyft drivers, and alleged waiver of uninsured motorist coverage,

    d. Plaintiff's alleged neck and back injuries, and medical treatment,

    e. Alleged future medical treatment.

2. Defendant's view: All issues raised by the pleadings, including, but not limited to, liability and damages and all claims made in Plaintiff's Complaint, and any amendments thereto, and all defenses and affirmative defenses asserted by Defendant.

C. Should discovery be conducted in phases or limited to or focused upon particular issues?

    1. Plaintiff's view: No.

    2. Defendant's view: No.

4

D.    Issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced:

    1.    Plaintiff's view:    Plaintiff alleges that Defendant made certain representations on its website regarding insurance coverage that would be provided to Lyft drivers. At this time it is not known if information from the website can be produced in paper and / or PDF format.

    2.    Defendant's view:    None at this time.

If the parties learn that electronically stored information is available and would impact the case, the parties will meet and confer about the production of that information in an acceptable format. If such issues should arise later, then the parties will bring the issues to the Court's attention.

E.    Issues about claims of privilege or of protection as trial preparation materials including - if the parties agree on a procedure to assert these claims after production - whether to ask the court to include their agreement in an order:

    1.    Plaintiff's view:    None at this time.

    2.    Defendant's view:    None at this time.

If such issues should arise later, then the parties will bring the issues to the Court's attention if the matter cannot be resolved among the parties.

///

///

5

F.    What changes should be made in limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed?

    1.    Plaintiff's view:    None.

    2.    Defendant's view:    None.

G.    What other orders should be entered by Court under Rule 26 (c) or Rule 16(b) and (c):

    1.    Plaintiff's view:    None.

    2.    Defendant's view:    Defendant anticipates proposing a stipulated confidentiality agreement and protective order to facilitate the production of sensitive, confidential information.

3.    Discovery Plan.

Accordingly, after having conferred, pursuant to Fed. R. Civ. P. 26(f), the parties propose and request the discovery schedule below, which includes an additional 213 days of discovery relative to the default time periods otherwise established by LR 26-1(e).

The parties jointly propose to the Court the following discovery plan:

(A)    After approval of the Discovery Plan, all parties intend to submit written Interrogatories, Requests for Production of Documents and/or Request for Admissions to the parties involved.

6

(B)     Following the receipt of written discovery, the parties intend to engage in deposition discovery. These depositions may include the parties, percipient witnesses, medical providers, and expert witnesses.

Notwithstanding the foregoing, the parties reserve the right to take any and all discovery allowed by the Federal Rules of Civil Procedure at any time permitted by the Rules.

(1)     Subject of Discovery. Discovery will be needed on the following subjects: All facts and issues relating to the Plaintiff's allegations set forth in the Complaint, and any amendments thereto, as well as possible expert, medical providers and claimed defenses and/or affirmative defenses.

(2)     Discovery Cut-Off Date(s). Discovery will take three hundred and sixty five (365) days, measured from July 10, 2023, which is the date the parties held the F.R.C.P. Rule 26 meeting. Therefore, discovery must be commenced in time to be completed by **July 10, 2024**, unless the parties request an order from the Court extending the discovery period.

(3)     Disclosure - Experts (Fed. R. Civ. P.(a)(2). Disclosure of experts shall proceed according to Fed. R. Civ. P. 26(a)(2):

(a)     The disclosure of the parties' experts and expert reports shall occur on or before **May 10, 2024,** which is a date no later than sixty (60) days before the discovery cut-off date; and,

7

(b)     The disclosure of the parties' rebuttal experts and their reports shall occur on or before **June 10, 2024,** which is thirty (30) days after the deadline for the initial disclosure of experts;

For good cause shown, the parties make seek leave of Court to designate additional experts, notwithstanding the schedule provided above.

4. Additional Items.

A. Time Limitations on Amending the Pleadings and Adding Parties.

Unless otherwise ordered by the Court, the last day in which pleadings may move to be amended, pursuant to Federal Rules of Civil Procedure Rules 13, 14, and 15, shall be **April 11, 2024**. This is no later than ninety (90) days before the discovery cut-off date and does not exceed the outside limit presumptively set by Local Rule 26-1(b)(2) of ninety (90) days before the discovery cut-off date for filing such motions.

B. Interim Status Report.

The parties shall file the interim status report required by LR 26-3 by **May 10, 2024**. The proposed date would be no later than sixty (60) days before the discovery cut-off date. The undersigned counsel certify that they have read LR 26-3 and that this date is not later than sixty (60) days before the discovery cut-off date.

C. Time Limitations on Dispositive Motions.

All dispositive motions, including motions for summary judgment, must be filed by **August 7, 2024**. This is twenty-eight (28) days after the discovery cut-off date and within the

8

outside limit of thirty (30) days following the discovery cut-off date that Local Rule 26-1(b)(4) presumptively sets for filing dispositive motions.

D. Settlement.

Settlement is possible, however, its likelihood cannot be evaluated at this time. The parties will reassess mediation upon the close of discovery.

E. Pretrial Order.

The pretrial order shall be filed by **September 6, 2024**, which is not more than thirty (30) days after the date set for filing dispositive motions in the case. In the event dispositive motions are filed, the date for filing the joint pretrial order shall be suspended until thirty (30) days after decision of the dispositive motions or further order of the Court. The disclosures required by Fed. R. Civ. P. 26(a)(3) shall be made in the joint pretrial order.

F. Court Conference.

The parties do not request a conference with the Court before entry of the scheduling order.

G. Later Appearing Parties.

A copy of this discovery plan and scheduling order shall be served on any party served after it is entered or, if additional defendants should appear, within five (5) days of their first appearance. This discovery plan and scheduling order shall apply to such later appearing parties, unless the Court, on motion and for good cause shown, orders otherwise.

H. Inadvertent Disclosures.

9

Pursuant to Fed. R. Evid. 502(d) and (e), the parties all agree and request that entry of this order establish that inadvertent or mistaken production or disclosure of documents or other information subject to the attorney-client privilege, the work product doctrine, or other privilege shall not be deemed a waiver of a claim of privilege, either as to the specific information disclosed or as to any other related information for purposes of this or any other litigation. If a producing party inadvertently produces or otherwise discloses to a receiving party information that is subject to such privilege or immunity, the producing party shall promptly upon discovery of such disclosure so advise the receiving party in writing and request that the inadvertently disclosed information be returned, stricken or otherwise appropriately handled to reverse the inadvertent disclosure. The receiving party shall return all copies of the inadvertently produced material within ten (10) business days of receipt of the request and otherwise cooperate to fulfill this agreement. Any notes or summaries referring or relating to any inadvertently produced privileged material shall be destroyed.

I.  Agreements Regarding Claims of Privilege or of Protection.

Except as set forth above, the parties have not made any agreements regarding claims of privilege or of protection as to trial preparation materials. In the event a protective order becomes necessary, then the parties will bring the issues to the Court's attention if the matter cannot first be resolved by the parties.

J.  Fed. R. Civ. P. 26(a)(3) Disclosures.

Unless the discovery plan otherwise provides and the court so orders, the disclosures required by Fed. R. Civ. P. 26(a)(3) and any objections to them must be included in the joint pretrial order.

K. <u>Alternative Dispute Resolution</u>.

The parties certify that they met and conferred about the possibility of using alternative dispute resolution processes, including mediation, arbitration, and, if applicable, early neutral evaluation.

L. <u>Alternative Forms of Case Disposition</u>.

The parties certify that they considered consent to trial by a magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, and the use of the Short Trial Program (General Order 2013-01).

M. <u>Electronic Evidence</u>.

The parties certify that they may present evidence in electronic format to jurors for the purpose of jury deliberations in compliance with the Court's electronic jury evidence display system.

N. <u>Extensions or Modifications of the Discovery Plan and Scheduling Order</u>.

LR 26-4 governs modifications or extensions of this discovery plan and scheduling order. Any stipulation or motion must be made no later than twenty-one (21) days before the expiration of the subject deadline, and must comply fully with LR 26-4.

///

///

///

///

///

///

11

*James Chipman v. Lyft, Inc.*
Case No. 2:23-cv-00761-JCM-BNW

DATED this 14th day of July, 2023.

**BURRIS & THOMAS, LLC**

*/s/ Andrew J. Thomas*

By:_____

Andrew J. Thomas, Esq.
Nevada Bar No. 000017
at@steveburrislaw.com
2810 W. Charleston Blvd., Suite F-58
Las Vegas, Nevada  89102
*Attorney for Plaintiff, JAMES CHIPMAN*

DATED this 14th day of July, 2023.

**REISMAN - SOROKAC**

*/s/ Robert R. Warns*

By:_____

Robert R. Warns III, Esq.
Nevada Bar No. 12123
rwarns@rsnvlaw.com

cbodin@rsnvlaw.com
8965 South Eastern Avenue, Suite 382
Las Vegas, Nevada 89123
*Attorneys for Defendant, LYFT, INC.*

12

*James Chipman v. Lyft, Inc.*
Case No. 2:23-cv-00761-JCM-BNW

**ORDER**

IT IS ORDERED that ECF No. 12 is DENIED.

IT IS FURTHER ORDERED that the parties shall file a new Discovery Plan and Scheduling Order seeking a discovery period of 300 days by 7/21/2023.

**IT IS SO ORDERED**
**DATED:** 6:01 pm, July 17, 2023

**BRENDA WEKSLER**
**UNITED STATES MAGISTRATE JUDGE**

| | |
|---|---|
| **From:** | Robert Warns |
| **To:** | Carmen Cherry; Melanie Bruner |
| **Cc:** | Andrew Thomas; Priscilla Zoccole |
| **Subject:** | RE: Chipman v. Lyft; Case No. 2:23-cv-00761-JCM-BNW |
| **Date:** | Friday, July 14, 2023 1:07:09 PM |
| **Attachments:** | Joint Discovery Plan Scheduling Order, 2nd rrw edits.doc |

Hi Carmen,

I caught some typos and formatting issues that I've cleaned up in the attached redline. With these changes you have my permission to file the plan using my /s/ signature.

Thanks,
Rob

ROBERT R. WARNS III, ESQ.



8965 SOUTH EASTERN AVENUE, SUITE 382
LAS VEGAS, NEVADA 89123

PHONE: (702) 727-6258
FAX: (702) 446-6756
EMAIL: RWARNS@RSNVLAW.COM
WEBSITE: WWW.RSNVLAW.COM

THIS E-MAIL COMMUNICATION IS A CONFIDENTIAL ATTORNEY-CLIENT COMMUNICATION INTENDED ONLY FOR THE PERSON NAMED ABOVE. IF YOU ARE NOT THE PERSON NAMED ABOVE, OR THE EMPLOYEE OR AGENT RESPONSIBLE FOR DELIVERY OF THE FOLLOWING INFORMATION, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION, OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE AT (702) 727-6258. ALSO, PLEASE E-MAIL THE SENDER THAT YOU HAVE RECEIVED THE COMMUNICATION IN ERROR. WE WILL GLADLY REIMBURSE YOUR TELEPHONE EXPENSES. THANK YOU.

**From:** Carmen Cherry <cc@steveburrislaw.com>
**Sent:** Friday, July 14, 2023 12:58 PM
**To:** Robert Warns <RWarns@rsnvlaw.com>; Melanie Bruner <mbruner@rsnvlaw.com>
**Cc:** Andrew Thomas <at@steveburrislaw.com>; Priscilla Zoccole <pz@steveburrislaw.com>
**Subject:** RE: Chipman v. Lyft; Case No. 2:23-cv-00761-JCM-BNW

Hi Mr. Warns; please one last review to the REVISED Joint Discovery Plan Scheduling Order with edits with all the changes you made. Please advise if ok to affix your e-signature.

Thank you.

Carmen.